# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

PAMELA DIANNE SWAIN,           )
                               )
    Plaintiff,                  )
                               )
v.                             )     Case No. CV414-071
                               )
COLORADO TECHNICAL             )
UNIVERSITY; CAREER             )
EDUCATION CORPORATION,         )
                               )
    Defendants.                 )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Pamela Dianne Swain has filed a form complaint against the Colorado Technical University and the Career Education Corporation. Doc. 1. She cites no particular remedy, but giving her complaint a liberal construction, it appears that she wants this Court to award her $600,000 because the defendant educational entities "applied a 'dismissed' to [her] transcript even though no foul play was the reason of [her] removal from a doctorate program at Colorado Technical University]." Doc. 1 at 4, 6. Finding her indigent, the Court **GRANTS**

her motions to proceed *in forma pauperis* (IFP). Docs. 2 & 6.

The IFP statute, however, authorizes courts to dismiss cases *sua sponte* if, *inter alia*, the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). That power "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). So, the Court will examine Swain's complaint under Fed. R. Civ. P. 12(b)(6).

While Congress has chosen to provide indigents with access to the courts by way of its IFP statute, it has *not* funded a *pro se* support function. Judges, then, at most can construe liberally what *pro se* litigants say factually, but they cannot develop legal arguments or plug the legal holes in their cases for them. *Boles v. Riva*, 2014 WL 1887376 at * 1 (11th Cir. May 13, 2014) (courts hold no "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotes and cite omitted); *Sctry, Fl. Dept. of*

*Corr. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010).[1]

Also, courts at this stage limit their consideration to the complaint and any written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). And the complaint:

> must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has . . . clarified that while the pleading standard of Rule 8 "does not require 'detailed factual allegations,'" it does demand "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). More to the point, the court explained that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

*Walker v. Schentrup*, 399 F. App'x. 563, 565 (11th Cir. 2010); *Hall v. Tallie*, 2014 WL 931958 at * 4 (N.D. Ala. Mar. 10, 2014). The plaintiff need not present every last detail of her case: "All that is required of the

---

[1] "While their pleadings are to be liberally construed, *pro se* plaintiffs are not excused from complying with procedural rules." *McNeil v. United States*, 508 U.S. 106, 113 (1993), cited in *Jackson v. F  la. Dept. of Corr.*, 491 F. App'x 129, 131 (11th Cir. 2012). This doctrine applies throughout *pro se* litigation, such as appellate briefing stages. *Id.*("issues not briefed on appeal by a *pro se* litigant are deemed abandoned."); *Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

statement is that it "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). But

> each separate claim is required to be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b)); *see Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that multiple claims should be presented separately in adherence to Federal Rule of Civil Procedure 10(b) "and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading").

*Hickman v. Hickman*, 2014 WL 1613044 at *1 (11th Cir. Apr. 23, 2014).

In Swain's complaint she provides this, as her "Statement of Claim" (in raw, largely unedited form):

> Back in 2012, CTU removed me from the doctorate program. They applied a 'dismissed' to transcript even though no foul play was the reason for the dismissal. The plaintiff had a great [GPA]. CTU, CEC, has been found guilty of financial aid fraud and tampering with job placement for their students. Ms. Swain had Adhd/dre diagnosis and she made the Dean[,] Joanne Preston[,] aware of this for ac[c]ommodations according to section 503 of the Rehabilitation Act of 1973 and the school refused to comply with Federal Law. The 'dismissed' on my transcript keeps me from getting a job and keeps me from continuing my degree at another university.

Doc. 1 at 4-5.[2] She thus accuses two corporate defendants of financial aid

---

[2] For "Relief" she says: "I want $600[,]000 in damages to my career. I want CEC/CTU to remove the 'dismissed' off my transcript. I also want a complete

fraud, "tampering with job placement for their students [hence, third parties]," and -- in the same paragraph -- somehow violating rights she claims under Section 504 of the Rehabilitation Act of 1973.[3]

The *pro se* plaintiff's civil rights complaint in *Boles* "was procedurally deficient under Rule 8 of the Federal Rules of Civil Procedure, as it consisted of a single unsubstantiated legal conclusion, not a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2)." *Boles*, 2014 WL 1887376 at * 1. Hence, it was properly dismissed on those grounds alone. *Id.* at * 2. The same result applies here, where Swain has simply jumbled several factually undeveloped legal conclusions together in unadorned, "they legally wronged me" fashion. She also has failed to abide Rule 10(b)'s command to plead "with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." *Hickman*, 2014 WL 1613044 at *1. The Court

---

investigation into this manipulation of rights for military vets being scammed by these for profit institutions." Doc. 1 at 6.

[3] Rehabilitation Act claims have been brought by university students. *See Horsley v. University of Alabama*, 2014 WL 1797019 at * 3 (11th Cir. May 7, 2014) (student's failure to accommodate claim time-barred); *Rhodes v. Southern Nazarene University*, 2014 WL 323251 at * 4 (10th Cir. Jan. 30, 2014) (student's failure to accommodate claim evidentially unsupported).

5

also declines her implied invitation to search the law for viable legal theories of recovery.

Swain must remember that while she "need not plead facts sufficient to establish a prima facie case," she "must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial. . . ." *Rodríguez–Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013). Merely claiming, for example, that she had an ailment and failed to receive reasonable accommodation is not enough to support a Rehabilitation Act claim. *See, e.g., Sepulveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29-30 (1st Cir. 2010). Such plaintiffs must also plead that they were qualified for the function on which a benefit (academic achievement, compensation, promotion, etc.) was premised. *Curry v. Secretary, Dept. of Veterans Affairs*, 518 F. App'x 957, 963 (11th Cir. 2013) ("The elements of a Rehabilitation Act claim are that: (1) an individual has a disability; (2) the individual is otherwise qualified for the position; and (3) the individual was subjected to unlawful discrimination as the result of his disability.") (quotes and cite omitted). That second element is missing from Swain's claim, and the court cannot plug that hole for her.

Nor does it seem likely that Swain will be able to salvage this case if given a second chance to plead it. *See, e.g., Simmons v. Edmondson*, 225 F.App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants immunity); *Sanford v. Patterson*, 2013 WL 5781668 at * 3 (M.D. Ga. Oct. 25, 2013). Accordingly, this case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this 12th day of June, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**